United States District Court
Southern District of Texas
**ENTERED**
June 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TATIANA PURBUEVA,              §
                              §
            Petitioner,        §
                              §
v.                             §        CIVIL ACTION NO. H-26-3353
                              §
MARTIN FRINK, et al.,          §
                              §
            Respondents.       §

**MEMORANDUM OPINION AND ORDER**

On November 6, 2021, Tatiana Purbeuva ("Petitioner"), presented herself at an official port of entry and was inspected, processed, and paroled into the United States until November 4, 2022.[1] On November 6, 2025, Petitioner was detained by Immigration and Customs Enforcement at a routine immigration check-in under § 1225(b)(2).[2] That same day, Petitioner was served with a Notice to

---

[1] First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory Relief and Injunctive Relief ("Amended Habeas Petition"), Docket Entry No. 6, p. 4 ¶ 16; Notice to Appear, Exhibit 1 to Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7-1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Amended Habeas Petition, Docket Entry No. 6, p. 5 ¶¶ 24-25; Respondents' MSJ, Docket Entry No. 7, p. 2. Although Respondents argue that Petitioner is detained under § 1225(b)(1), the Notice to Appear states that Petitioner has not been admitted or paroled into the United States. Notice to Appear, Exhibit 2 to Respondents' MSJ, Docket Entry No. 7-2, p. 1. Because "presence without admission deems [Petitoner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).

Appear, denying her admission into the United States.[3]  On January 3, 2026, Petitioner filed an application for asylum.[4]  On February 13, 2026, her application for asylum was denied and an immigration judge ordered her removed to Russia.[5]  Petitioner has appealed the denial of her application for asylum and remains in immigration custody.[6]

Pending before the court is Petitioner's Amended Habeas Petition (Docket Entry No. 6).  Petitioner argues that her detention without a bond hearing violates due process.[7]  Petitioner also alleges an as-applied challenge.[8]

---

[3]Notice to Appear, Exhibit 2 to Respondents' MSJ, Docket Entry No. 7-2, p. 1

[4]Respondents' MSJ, Docket Entry No. 7, p. 2.

[5]Order of the Immigration Judge, Exhibit 3 to Respondents' MSJ, Docket Entry No. 7-3, pp. 3, 5.

[6]Amended Habeas Petition, Docket Entry No. 6, pp. 6-7 ¶¶ 29, 38.

[7]Id. at 9-15 ¶¶ 51-81.  In her response to Respondents' Motion for Summary Judgment, Petitioner argues that her detention violates due process because she has been detained for more than six months. Petitioner's Reply in Support of Her Petition for Writ of Habeas Corpus and Response in Opposition to Respondent's Motion for Summary Judgment ("Petitioner's Reply"), Docket Entry No. 8, p. 9. However, "pre-removal-order detention authorized by 8 U.S.C. § 1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in Zadvydas v. Davis, [121 S. Ct. 2491] (2001), as to post removal order detention." Escalante v. Thompson, CIVIL ACTION NUMBER 4:26-cv-03710, 2026 WL 1602277, at *2 (S.D. Tex. Jun. 2, 2026).

[8]Amended Habeas Petition, Docket Entry No. 6, pp. 9-13 ¶¶ 51-73.  Petitioner's as-applied challenge fails because "[s]he presents no authority to support h[er] claim that h[er]
(continued...)

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7).  Respondents argue that Petitioner's detention does not violate due process.[9]  Petitioner has filed a reply.[10]

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's First Amended Petition for Writ of Habeas Corpus Pursuant to 28

---

[8](...continued)
circumstances present a viable as-applied due process challenge" and because § 1225(b)(2) authorizes her continued detention. Garcia v. Venegas, CIVIL ACTION NO. 1:26-CV-266, 2026 WL 1580638, at *2 (S.D. Tex. Jun. 2, 2026).

[9]Respondents' MSJ, Docket Entry No. 7, pp. 5-7.

[10]Petitioner's Reply, Docket Entry No. 8.

U.S.C. § 2241 and Complaint for Declaratory Relief and Injunctive Relief (Docket Entry No. 6) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 12th day of June, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

−4−